[No. 34304-1-I.    Division One.    August 28, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK
ZUMWALT, *Appellant*.

*Douglas J. Ende of Washington Appellate Defender Association* and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Foerschler, Deputy*, for respondent.

KENNEDY, A.C.J. — Mark Zumwalt was charged with first degree robbery committed while armed with a deadly weapon in violation of RCW 9A.56.200(1), 9A.56.190 and 9.94A.125. On October 14, 1993, the day Zumwalt's trial was scheduled to begin, he decided to plead guilty as charged. On February 1, 1994, Zumwalt moved to withdraw his guilty plea on the basis that the plea was involuntarily made because his attorney did not inform him that the knife used, which was less than three inches long, was not a deadly weapon as a matter of law.[1] The trial court denied the motion and Zumwalt appeals, contending that his plea of guilty to the deadly weapon allegation was involuntary and that there exists no factual basis for that

---

[1]The defense did not dispute that Zumwalt understood the nature of the robbery charge, and argued that the plea should be withdrawn "at least with respect to [the deadly weapon] allegation."

aspect of the plea. We hold that no factual basis for the enhancement existed at the time of the plea hearing and therefore reverse.[2]

FACTS

According to the State's certification for determination of probable cause, Zumwalt approached the victim as she was getting into her car which was parked in a hotel parking lot near the Seattle-Tacoma Airport. While displaying "a knife with a blade approximately four inches long,"[3] Zumwalt demanded the victim give him her money. The victim then threw her purse into her car and dropped to the ground. Zumwalt stabbed the victim in the hand, grabbed her purse out of the car, and escaped into a waiting vehicle, leaving her on the ground.

At the plea hearing, Zumwalt's attorney informed the court that she had discouraged him from pleading guilty as charged because the State was not offering a plea bargain; therefore, he had nothing to gain by not going to trial. In his plea statement, Zumwalt stated:

> On May 9, 1993, in King County, I unlawfully and with the intent to commit a crime, theft, took [the victim's] purse from her by force and the threatened use of a deadly weapon and I was armed with a deadly weapon, a knife.

In response to the prosecutor's questions, Zumwalt testified that he understood he was charged with first degree robbery "with a special deadly weapon enhancement." Zumwalt also answered in the affirmative that he understood, if the case went to trial, that the State would have to prove

each and every element of the crime of robbery one, which

---

[2]Zumwalt also contends his attorneys failure to advise him of the legal elements of the deadly weapon allegation constituted ineffective assistance of counsel. Because we resolve this appeal for lack of a factual basis under CrR 4.2, we do not reach this issue.

[3]It was later determined that the knife was under three inches long and, therefore, not per se a deadly weapon under RCW 9.94A.125.

essentially is that you did unlawfully and with the intent to commit theft take personal property from the [victim's] car by immediate force or threatened use of force, violence or fear of injury in the commission of a crime and that at the time you were armed with a deadly weapon[.]

Zumwalt confirmed that he was pleading guilty to first degree robbery with a deadly weapon enhancement and that his written statement that he was armed with a deadly weapon while committing the crime was true. The trial judge accepted Zumwalt's guilty plea.

New defense counsel, Peter Connick, was appointed for sentencing. Connick obtained a continuance in order to determine the length of the knife Zumwalt used during his commission of the robbery. After determining that the knife was two and one-eighth inches long, the defense moved to withdraw Zumwalt's guilty plea. At the motion hearing, Zumwalt's former attorney, Kelly Faoro, testified that although she knew the knife was under three inches and that the State therefore would have to prove it was used in a manner likely to cause death, she did not recall ever discussing with Zumwalt the legal or factual predicates for the deadly weapon allegation:

I believe our discussions focused on what the [victim] was saying about how the weapon was used. But I don't think I explained to my client that that was the legal [element] — I knew it was and that's what I was working on. But I don't think I explained that part to him.

Faoro also testified that, according to her investigator, the witness would be a strong witness and would testify that Zumwalt aimed for her face in an overhand manner. She shielded her face with her hands, thereby sustaining a cut on her hand. Faoro advised Zumwalt what the victim was expected to say and that she would be a strong witness, but that he had nothing to lose by going to trial.

After hearing Faoro's testimony, the trial court denied Zumwalt's motion to withdraw his plea, reasoning that she had discussed with her client the issue of the manner in which the knife was used. The court therefore concluded

that Zumwalt's guilty plea was knowing, intelligent and voluntary and that he received effective assistance of counsel. Zumwalt's appeal followed.

## DISCUSSION

■ Zumwalt contends that the trial court erred in denying his motion to withdraw his guilty plea. He argues that his plea was not voluntary because he was not adequately informed of the nature of the deadly weapon charge and because sufficient evidence does not exist in the record of the plea hearing to support the deadly weapon aspect of the plea. CrR 4.2(f) provides that the defendant should be allowed to withdraw his guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." A " 'manifest injustice' is 'an injustice that is obvious, directly observable, overt, not obscure.' " *State v. Saas*, 118 Wn.2d 37, 42, 820 P.2d 505 (1991) (quoting *State v. Taylor*, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)). Thus, a defendant seeking to withdraw a guilty plea must meet a demanding standard. *Saas*, 118 Wn.2d at 42. Four nonexclusive instances of "manifest injustice" include: (1) ineffective assistance of counsel; (2) a plea not authorized or ratified by the defendant; (3) the prosecution's failure to keep a plea agreement; and (4) an involuntary plea. *Saas*, 118 Wn.2d at 42.

CrR 4.2(d) sets forth the standard for determining whether a plea was made voluntarily:

> The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

We agree that the factual basis requirement of CrR 4.2(d) was violated and therefore do not reach Zumwalt's constitutional claim that the plea was involuntary.

As a preliminary matter, the State argues Zumwalt did

not argue below that the factual basis requirement of CrR 4.2(d) was violated and cannot raise the argument for the first time on appeal because it is not a manifest error of constitutional magnitude. *In re Hews*, 108 Wn.2d 579, 592, 741 P.2d 983 (1987). We disagree with the State's contention that Zumwalt failed to preserve the factual basis argument for appeal.

■ In his motion to withdraw his plea, Zumwalt argued that his attorney never advised him of the factual basis underlying the deadly weapon allegation, and quoted the portion of CrR 4.2(d) requiring the court to ensure that a factual basis for the plea exists before entering a judgment. Further, in support of his claim that no factual basis existed for the plea, Zumwalt referred to his defense supplemental presentence report, in which he stated that the facts were insufficient to establish that the pocket knife used met either of the statutory definitions of a deadly weapon, i.e., that the knife was over three inches or used in a manner likely to cause death. RCW 9.94A.125. While Zumwalt raised the factual basis argument in the context of a claim for ineffective assistance of counsel, he nevertheless cited enough facts and the relevant law to draw the trial judge's attention to his contention that there was not a factual basis on the record at the time of the plea hearing to support a conviction on the deadly weapon enhancement. We conclude that, although the argument could have been articulated more clearly, it was sufficiently raised below to preserve the issue for appeal.

■ Having determined that Zumwalt adequately preserved the factual basis argument for appeal, we now turn to the substance of his claim. Under the Sentencing Reform Act (SRA), two years "shall be added to the presumptive sentence" if the defendant is convicted of committing first degree robbery or another enumerated crime while armed with a deadly weapon. RCW 9.94A.310(3). A knife is a deadly weapon as a matter of law if it has a blade longer than three inches. RCW 9.94A.125. However, when the crime was committed with

a knife having a blade shorter than three inches, the State must prove that the knife had the capacity to cause the victim's death and was used in a way that was likely to produce or could have easily and readily produced death.[4] RCW 9.94A.125; *State v. Cook*, 69 Wn. App. 412, 417-18, 848 P.2d 1325 (1993); *State v. Lua*, 62 Wn. App. 34, 42, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991). Whether a knife shorter than three inches is a deadly weapon is a question of fact to be determined by its capacity to inflict death and the manner in which it was used. Relevant to this determination are the defendant's intent and present ability, the degree of force used, the part of the body to which the weapon was applied and the injuries inflicted. *State v. Thompson*, 88 Wn.2d 546, 548-49, 564 P.2d 323 (1977).

■ A factual basis for a plea under CrR 4.2(d) exists when there is sufficient evidence in the record for a jury to conclude that the defendant is guilty. *Saas*, 118 Wn.2d at 43; *State v. Osborne*, 102 Wn.2d 87, 95, 684 P.2d 683 (1984). In determining whether sufficient evidence exists to support the plea, the trial court may rely on any reliable source, including the prosecutor's factual statement, as long as the facts relied on by the court are made part of the record. In addition, the factual basis must be developed on the record at the plea hearing. *Osborne*, 102 Wn.2d at 95.

Here, the information notified Zumwalt only that he was accused of having committed first degree robbery while "armed with a deadly weapon." This is a legal conclusion that could only be reached after the court determined that the knife used was either longer than three inches or capable of causing and used in a manner

---

[4]The SRA specifically defines a "deadly weapon" as "an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: . . . any knife having a blade longer than three inches . . . ." RCW 9.94A.125.

which was likely to cause death.[5] Since the information failed to include any facts underlying the conclusion that Zumwalt was armed with a deadly weapon, this statement cannot be relied on as a factual basis for the plea. *State v. Rigsby*, 49 Wn. App. 912, 747 P.2d 472 (1987); *State v. Hystad*, 36 Wn. App. 42, 671 P.2d 793 (1983) (statements which are legal conclusions rather than statements of fact cannot establish a factual basis). For the same reason, Zumwalt's plea statements that he was "armed with a deadly weapon" and guilty of the "deadly weapon enhancement" do not provide facts from which a jury could find that Zumwalt was guilty as charged.[6]

■ In addition, the State cannot rely on the factual statement contained in the certification for determination of probable cause because it erroneously states that the knife used during the commission of the crime had "a blade approximately four inches long." At the hearing on Zumwalt's motion to withdraw the plea, Zumwalt presented evidence that the knife used in the commission of the crime was under three inches in length. This evidence was admissible under *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976) and *State v. Frederick*, 100 Wn.2d 550, 674 P.2d 136 (1983) (a defendant may introduce evidence to prove that a facially valid plea was actually involuntary).[7] Further, the State essentially conceded at oral argument that the statement in the certification for probable

---

[5]Nowhere in the record of the plea hearing does the court or the State inform Zumwalt that he is alleged to have used the knife in a manner likely to cause the victim's death, or even that he aimed it at her face in a stabbing motion. In fact, the certification for probable cause states only that Zumwalt stabbed the victim in the hand. Even if the allegation that Zumwalt made a stabbing motion toward the victim's face had been in the record of the plea hearing, we do not agree with the State that a jury necessarily would find this to be conduct likely to cause death. The cut on the victim's hand was very small.

[6]Even if the defendant made such a statement in a confession to the police, the jury could not rely solely on this admission but would also have to find the weapon deadly based on the statutory definition.

[7]Although a defendant who alleges his plea was involuntary may always present extrinsic evidence to support his claim, the State may only rebut the defendant's claim with extrinsic evidence when the defendant is raising a collateral attack. Where, as here, the defendant raises the issue on direct appeal, the

cause was erroneous. Once the trial court learned that the knife was shorter than three inches and therefore not a deadly weapon per se, it should have withdrawn the plea because there were not facts in the record of the plea hearing to support the conclusion that Zumwalt used the knife in a manner likely to cause the victim's death.[8]

██ In ruling that Zumwalt's plea lacked a sufficient factual basis in the record of the plea hearing, we note that inadequate plea statements have been a recurring problem. Courts and counsel should not accept plea statements that do no more than simply parrot the information. The essential facts underlying the critical elements of the offense must be included. A plea statement providing only the elements of the charge contains conclusions of law, not the underlying facts, and is therefore inadequate. Although we are mindful of the possibility that some defense counsel or defendants might deliberately prepare inadequate plea statements in order to create an opportunity to challenge the voluntariness of pleas at a later date, there is no inference in the record for this appeal of such sandbagging. At the time Zumwalt challenged his plea, he had not yet been sentenced so he did not decide to challenge his plea on the basis of a sentence that did not meet his expectations.

The trial court is reversed and the cause is remanded to permit Zumwalt to enter a new plea to the deadly weapon enhancement. Zumwalt has presented no basis for challenging his plea to the charge of first degree robbery. That portion of the plea will stand.

---

State is precluded from presenting any additional evidence and can rely only on the record of the plea hearing. *Wood*, 87 Wn.2d at 506-11; *Frederick*, 100 Wn.2d at 554-55.

[8]The trial judge had no reason, at the time of the plea, to question the length of the knife blade as stated in the certification for determination of probable cause. Neither defense counsel, who knew the knife was under three inches, nor the prosecutor, who should have known because the knife was a trial exhibit, advised the trial court of the misstatement of fact.

BAKER, C.J., and COX, J., concur.

[No. 13792-9-III.  Division Three.  August 29, 1995.]
THE STATE OF WASHINGTON, *Respondent*, v. L.J.M.,
*Appellant.*