[No. 65656-8.   En Banc.]
Argued January 26, 1999.     Decided April 22, 1999.

THE STATE OF WASHINGTON, *Respondent*, v. FONUA AHO, *Petitioner.*

738

*Douglas A. Stratemeyer,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Tod J. Bergstrom, Deputy,* for respondent.

MADSEN, J. — Petitioner was convicted of three counts of first degree child molestation and one count of rape of a child. He claims his convictions for child molestation violate ex post facto prohibitions because the statute under which he was charged and under which the jury was instructed did not take effect until approximately a year and a half after the beginning of the charging period. We agree that those convictions must be reversed and this matter remanded on the ground that the convictions violate due process.

## FACTS

The charges against Fonua Aho were based upon conduct alleged to have occurred during a period of time beginning in January 1987 and ending December 31, 1992, where Aho's daughter L. was the victim, and ending August 1995, where his other daughter M. was the victim. In accord with RCW 9A.44.083, the jury was instructed that to convict Aho on any of the child molestation counts, the State had to prove that he had sexual contact with the victim during a stated time period beginning January 1, 1987, that the victim was under age 12, and that Aho was at least 36 months older than the victim. Jury instructions 4, 5, 11, 13; Clerk's Papers (CP) at 87, 88, 94, 96. RCW 9A.44.083 was not effective until July 1, 1988. LAWS OF 1988, ch. 145, § 5.

The jury convicted Aho of two counts of first degree child molestation involving L., one count of first degree child molestation involving M., and one count of first degree rape of a child involving M. The jury was not asked to identify when the acts giving rise to the child molestation convictions occurred. Thus, it is possible that Aho was convicted for an act occurring before the effective date of the statute.

Aho appealed, arguing, among other things, that his convictions for child molestation violate ex post facto prohibitions of the state and federal constitutions because the jury may have convicted him for acts occurring before the effective date of RCW 9A.44.083. The Court of Appeals affirmed, reasoning that the child molestation statute is simply a recodification of the former indecent liberties statute which did not include any revisions which affected the outcome in this case, and, therefore, the convictions did not violate ex post facto laws because as applied the statute criminalized the same conduct as the indecent liberties statute. *State v. Aho*, 89 Wn. App. 842, 852-54, 954 P.2d 911, *review granted*, 136 Wn.2d 1007 (1998). The Court of Appeals also concluded, however, that the State properly conceded that new sentencing guidelines for child molestation could not be applied to acts which may have occurred before their effective date without violating ex post facto prohibitions. The court therefore remanded for resentencing under the sentencing guidelines applicable to indecent liberties. *Id.* at 855.

Aho then sought discretionary review, challenging only his convictions for child molestation. This court granted review. Because the defense proposed "to convict" instructions on two of the child molestation counts which included a period beginning in January 1987, the court asked for additional briefing on the issue of whether error, if any, was invited error.

## ANALYSIS

■■ Although the focus of the parties' argument and the Court of Appeals' decision is whether an ex post facto violation occurred, after consideration we conclude this case involves a due process rather than an ex post facto question. While ordinarily we will decide a case only on the basis of issues raised in the petition for review and the answer, RAP 13.7(b), this court has the authority to determine whether a matter is properly before the court, to perform those acts which are proper to secure fair and

orderly review, and to waive the rules of appellate procedure when necessary to "serve the ends of justice." RAP 1.2(c), 7.3; *see Kruse v. Hemp*, 121 Wn.2d 715, 721, 853 P.2d 1373 (1993); *City of Seattle v. McCready*, 123 Wn.2d 260, 269, 868 P.2d 134 (1994) (court with inherent discretionary authority to reach an issue not briefed by parties if the issue is necessary for decision). This court may raise an issue sua sponte and rest its decision on that issue. RAP 12.1(b); *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wn.2d 799, 813, 959 P.2d 657 (1998). One factor that we have considered in determining whether to exercise this authority is to decide whether the issue is a purely legal one. *McCready*, 123 Wn.2d at 269. Generally, we request additional briefing. *See* RAP 12.1(b); *Greengo*, 135 Wn.2d at 812-13. However, if briefing is not necessary to full and fair resolution of the issue, we will, in the rare case, decide the issue without additional briefing. *See Falk v. Keene Corp.*, 113 Wn.2d 645, 659, 782 P.2d 974 (1989); *Alverado v. Washington Pub. Power Supply Sys.*, 111 Wn.2d 424, 430, 759 P.2d 427 (1988).

Here, the issue is a legal one, and the due process violation is so apparent that additional briefing is unnecessary. Further, as explained below, the underlying principles of the due process violation here are similar to those underlying ex post facto prohibitions.

■ The jury convicted Aho of three counts of first degree child molestation, RCW 9A.44.083, but did not specify whether the acts that it found constituted the offenses occurred before or after July 1, 1988. As indicated, Aho maintains these convictions violate ex post facto clauses of the federal and state constitutions. However, the statute cannot be regarded as a retrospective law and therefore no ex post facto issue arises.

The enactment of ex post facto laws is prohibited by the federal and state constitutions. U.S. CONST. art. I, § 10, cl. 1 ("[n]o state shall . . . pass any . . . ex post facto law"); CONST. art. I, § 23 ("[n]o . . . ex post facto law . . . shall ever be passed . . . ."). The ex post facto clauses prohibit

the Legislature from enacting laws that alter the definition of criminal conduct or increase the punishment for a crime. *Lynce v. Mathis*, 519 U.S. 433, 441, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997);[1] *In re Personal Restraint of Stanphill*, 134 Wn.2d 165, 169, 949 P.2d 365 (1998). "To fall within the *ex post facto* prohibition, a law must be retrospective— that is 'it must apply to events occurring before its enactment' . . . ." *Lynce*, 519 U.S. at 441 (quoting *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)).

■ The Legislature did not intend that RCW 9A.44.083 apply retrospectively. In 1988, the Legislature enacted a number of statutes defining first, second, and third degree rape of a child and first, second, and third degree child molestation. RCW 9A.44.073 through .089. The bill creating the new statutes expressly stated that they apply only to offenses committed after July 1, 1988. LAWS OF 1988, ch. 145, § 25 ("This act . . . shall apply only to offenses committed on or after July 1, 1988."). The Legislature clearly did not enact a law applying to events occurring before its enactment.

Rather than an ex post facto issue, this case raises a due process question. However, underlying principles are similar. In addressing the argument that judicial decisions are subject to the Ex Post Facto Clause, the United States Supreme Court explained that the ex post facto prohibition applies to the legislative branch, and thus judicial decisions which are applied retroactively may raise due process concerns, but do not fall within the ex post facto clause itself. *Marks v. United States*, 430 U.S. 188, 191, 97 S. Ct.

---

[1]Four categories of ex post facto laws are recognized: "[1] Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. [2] Every law that aggravates a crime, or makes it greater than it was, when committed. [3] Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. [4] Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Lynce v. Mathis*, 519 U.S. 433, 441 n.13, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648 (1798)).

990, 51 L. Ed. 2d 260 (1977) ("[t]he *Ex Post Facto* Clause is a limitation upon the powers of the Legislature . . . and does not of its own force apply to the Judicial Branch of government"). In such a case, the due process issue is akin to an ex post facto issue, though, because "the principle on which the [ex post facto] Clause is based [is] the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties" and this is "fundamental to our concept of constitutional liberty." *Id.* at 191.

. Application of the statute under the facts here cannot be attributed to legislative action; the Legislature plainly and clearly provided that the statute does not apply to acts occurring before July 1988. Instead, in direct violation of this clear legislative mandate both the state and defense counsel permitted this matter to go forward despite the fact that the charging period, set forth in the jury instructions, included a substantial period of time before July 1988.

■ Contrary to the Court of Appeals' reasoning, the first degree child molestation statute does not simply recodify the same offense defined as indecent liberties under former RCW 9A.44.100(1)(b).[2] Aside from the issue whether the two statutes have the same mental element, disputed by the parties, the child molestation statute has different age and age differential elements. Whereas indecent liberties under former RCW 9A.44.100(1)(b) involved sexual contact with a child under 14 years of age, first degree child molestation involves sexual contact with a child under 12 years of age. In addition, the first degree child molestation stat-

---

[2]To "recodify" means "to codify again[,]" and "recodification" means "the action of recodifying or state of being recodified." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1896 (1993). "Codification" is "[t]he process of collecting and arranging systematically, usually by subject, the laws of a state or country, or the rules and regulations covering a particular area or subject of law or practice[.]" BLACK'S LAW DICTIONARY 258 (6th ed. 1990). Recodification of a statute involves rearrangement of the statute or placing it in a different part of the code. (A statute can be amended at the same time as recodification, but amending the statute is not, itself, recodification. *See, e.g., City of Seattle v. Public Employment Relations Comm'n,* 116 Wn.2d 923, 927 n.1, 809 P.2d 1377 (1991) (noting the Administrative Procedure Act had recently been both amended and recodified.))

ute requires that the perpetrator be at least thirty-six months older than the victim is. In contrast, indecent liberties under former RCW 9A.44.100(1)(b) did not have this element. *Compare* former RCW 9A.44.100(1)(b) *with* RCW 9A.44.083. Because the elements are not the same, the first degree child molestation statute does not state the same offense as the former indecent liberties statute, RCW 9A.44.100(1)(b). Moreover, while indecent liberties under former RCW 9A.44.100(1)(b) was a class B level VI offense, child molestation under RCW 9A.44.083 when enacted was a class B level VIII felony (and is now a class A felony). *See* Laws of 1988, ch. 145, § 12.

▮▮▮ Aho was charged with, tried for, and convicted of child molestation. Convictions for child molestation cannot be upheld where the jury may have found Aho guilty based upon acts occurring before July 1, 1988. Given the express legislative directive, the statute absolutely cannot be applied to that period. Further, Aho's convictions for child molestation cannot be upheld on the basis that as to conduct before July 1988 he actually committed indecent liberties. Under Const. art. I, § 22, a defendant has the right to be tried only for offenses charged. *State v. Peterson*, 133 Wn.2d 885, 889, 948 P.2d 381 (1997) (subject to exceptions for lesser included and inferior degree offenses). Aho was not charged with, tried for, or convicted of indecent liberties. Because the jury did not identify when the acts that it found constituted the offenses occurred, it is possible that Aho has been illegally convicted based upon an act or acts occurring before the effective date of the child molestation statute. Accordingly, Aho's convictions for child molestation violate due process.

As noted, we instructed the parties to brief the issue of whether, if error occurred, the invited error doctrine precludes appellate review. The parties' arguments, naturally, concern the ex post facto claim. Notwithstanding that focus, we are able to resolve the invited error question.

▮▮▮ Under the invited error doctrine, a defendant

may not request that instructions be given to the jury and then complain upon appeal that the instructions are constitutionally infirm. *State v. Henderson*, 114 Wn.2d 867, 792 P.2d 514 (1990); *State v. Boyer*, 91 Wn.2d 342, 344-45, 588 P.2d 1151 (1979). Here, however, defendant maintains that any error that occurred was the result of ineffectiveness of counsel and therefore the invited error doctrine does not apply. Review is not precluded where invited error is the result of ineffectiveness of counsel. *Cf. State v. Gentry*, 125 Wn.2d 570, 646, 888 P.2d 1105 (1995) (capital case). Defendant claims that counsel's representation was deficient because counsel failed to investigate the effective dates of the relevant statutes in connection with the factual charging period.

To prevail on a claim of ineffective assistance of counsel, counsel's representation must have been deficient, and the deficient representation must have prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We have held that the failure to object to an instruction which incorrectly sets out the elements of the crime with which the defendant is charged was deficient performance where the failure to object permitted the defendant to be convicted of a crime he or she could not have committed under facts presented by the State. *State v. Ermert*, 94 Wn.2d 839, 849-50, 621 P.2d 121 (1980). Similarly, defense counsel's failure to object to the instructions here, and his proposal of the same instructions as those given with respect to the child molestation counts involving L., may have resulted in Aho's conviction of a crime under a statute which did not apply to acts committed prior to July 1988.[3] Counsel's performance was deficient. Although legitimate trial strategy or tactics cannot be the basis for an ineffectiveness of counsel claim, *State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994), there is no conceivable legitimate tactic where the

---

[3]The ineffectiveness extends beyond failure to object to the jury instructions, since counsel should also have objected to the charging document.

only possible effect of deficient performance was to allow the possibility of a conviction of a crime under a statute which did not exist and could not be applied during part of the charging period. Prejudice here is obvious. Aho may have been convicted for acts occurring prior to July 1988.

Aho's convictions for child molestation are reversed and this matter is remanded for further proceedings.

GUY, C.J., and DURHAM, SMITH, JOHNSON, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., concur.