33 P.3d 1096 (2001)
108 Wash.App. 934
In re the Personal Restraint Petition of Dennis D. HARTZELL, Petitioner.
No. 42860-8-I.
Court of Appeals of Washington, Division 1.
October 29, 2001.
*1098 Gregory Charles Link, Washington Appellate Project, Seattle, Counsel for Appellant.
James Whisman, King County Prosecutor's Office, Seattle; Donna H. Mullen, Attorney Generals Office, Olympia, Counsel for Respondents.
*1097 ELLINGTON, J.
Dennis D. Hartzell entered an Alford[1] plea of guilty to two counts of first degree child molestation committed over a period of more than three years. Because the charging period spans the effective date of the child molestation statute, Hartzell alleges denial of due process under State v. Aho[2] Hartzell also contends his two-year term of community placement and the calculation of his earned early release credit were improper, because the applicable statutes were amended during the charging period.
Hartzell's plea acknowledged there was evidence sufficient to convict him of two counts of child molestation committed after the effective date of the child molestation statute, and the record upon which the trial court determined the factual basis for the plea establishes he committed two offenses after that date. Due process thus was not violated by his conviction. The record does not, however, establish that his offenses were committed after the effective date of the amendments affecting community placement and good time credits, so only a one-year community placement term is authorized, and Hartzell is entitled to earn early release time of up to one-third of his term of confinement. We deny the petition in part, grant it in part, and remand for reformation of the judgment and sentence.

FACTS
The substantive criminal statute and two sentencing statutes changed during the period in which Dennis D. Hartzell was alleged to have committed his crimes. Hartzell was charged with two counts of child molestation in the first degree, alleged to have occurred between August 1, 1987 and February 1, 1991. The first degree child molestation statute, RCW 9A.44.083, became effective July 1, 1988.[3] An offender convicted under that statute was subject to one year of community *1099 placement[4] and was eligible to earn up to one-third of his incarceration time as earned early release credit (good time).[5] On July 1, 1990, child molestation in the first degree became a class A sex offense[6] requiring two years of community placement.[7] Offenders whose crimes were committed after that date are eligible only for a maximum of 15 percent earned early release time.[8]
Hartzell entered an Alford plea. For purposes of the plea and for sentencing, Hartzell authorized the judge to consider the certification for determination of probable cause. As relevant here, the supplemental certification for determination of probable cause contained the following:
[R.F.] is now ten years old (date of birth June 4, 1982). She recently reported... a series of sexual assaults by the defendant, Dennis Hartzell beginning in 1987, when [she] was living on "C" Street in Auburn, King County, Washington. The assaults also occurred at the Glenn Apartments in Auburn, where [she] lived for a brief period in 1989, and at 1219 "M" Street Southeast in Auburn, where [she] lived from August 1989 through November 1990. The defendant was a friend of her father's and stayed periodically with him.
[R.] first recalls an incident when she lived on "C" Street, when she'd taken a bath and then sat on the defendant's lap. She felt his penis go between her legs. When she asked him what it was, he said nothing. On another occasion,.... These kinds of acts occurred on about four occasions. She reported the events in April 1992.[9]
The court found the certification provided a factual basis for the plea. Hartzell was sentenced within the standard range, and a term of community placement was imposed. Hartzell did not appeal.
The judgment and sentence, entered May 14, 1993, indicated the dates of Hartzell's crimes as February 28, 1991. Upon defense motion, the judgment and sentence was later amended "to reflect that the date of the offense for each count is an intervening period between August 1, 1987 and February 1, 1991."[10]
Based on the ending date of February 1, 1991, the Department of Corrections (DOC) concluded Hartzell must serve a two-year community placement term, and is limited to 15 percent of the term of his confinement as good time. Hartzell filed this personal restraint petition.

DISCUSSION
To prevail on a personal restraint petition, a petitioner must establish either: "(1) actual and substantial prejudice arising from constitutional error; or (2) nonconstitutional error that inherently results in a complete miscarriage of justice."[11] Where the petitioner has had no previous or alternative avenue for obtaining state judicial review, he need only show that he is restrained, and that the restraint is unlawful.[12]

Due Process and Effective Date of Charging Statute
RCW 10.73.090 bars a petition or motion for collateral attack filed more than one year after a facially valid judgment and sentence is final.[13] But this rule does not apply to claims based on a significant, intervening, retroactive change in the law.[14] Hartzell contends State v. Aho[15] represents such a change, warranting an exception to the one-year *1100 limitation on collateral attacks. In In re Personal Restraint of Crabtree,[16] the Supreme Court held that Aho does represent a subsequent change in the law; whether it is a material change warranting an exception to the one-year rule depends upon the facts and circumstances of each case.[17]
In Aho, a jury found the petitioner guilty of first degree child molestation under a statute that did not take effect until approximately a year and a half after the beginning of the charging period. A unanimous court reversed: "Because the jury did not identify when the acts it found constituted the offenses occurred, it is possible that Aho has been illegally convicted based upon an act or acts occurring before the effective date of the child molestation statute."[18]
The Crabtree court considered the same question in the context of a guilty plea instead of a jury verdict, and described its Aho decision thusly:
In granting Aho's claim, this court reasoned that because the jury was not instructed to identify the time of specific occurrences constituting the offense, Aho may have been illegally convicted based upon acts occurring before the effective date of the child molestation statute. A direct violation of the clear legislative mandate that the statute not be applied to acts committed before July 1988 occurred as a result of both the state and defense counsel permitting the matter to go forward despite the fact that the charging period, which was included in the jury instruction, included a substantial period of time before the effective date of the statute. Aho was charged and convicted for an offense that may have occurred before the effective date of the statute.[19]
Crabtree was convicted under the same first degree child molestation statute at issue in Aho (and here). Crabtree's charging period spanned the effective date of the statute by one month; Crabtree pleaded guilty as charged.[20]
The court found a fundamental distinction between Aho's jury verdict and Crabtree's plea. The general verdict did not reveal whether Aho was convicted for an offense that occurred before the effective date of the statute. Crabtree, on the other hand, pleaded guilty to child molestation in the first degree committed between June 1, 1988 and August 31, 1988. The court held this necessarily constituted an admission of criminal acts between July 1, 1988 (the effective date of the statute) and August 31, 1988.[21]
To determine whether sufficient evidence provided a factual basis for the pleathat is, whether the record permitted the plea judge to find Crabtree guilty of committing the crimes after the effective date of the statutethe court reviewed the evidence before the court at the time of the plea: the police report, information, certification of probable cause, guilty plea, plea agreement, and a psychological evaluation stating that Crabtree committed sexual offenses after July 1, 1988. The court held this evidence "show[ed] that Crabtree committed sexual offenses after July 1, 1988,"[22] and concluded:
The record also indicates the sentencing court was aware of the requirements of former RCW 9.94A.120(8)(a) because Crabtree was not sentenced to community placement for count V, which occurred in March of 1987. In light of this and the documents before the sentencing court, Crabtree was not convicted of crimes occurring before the effective date of the statute.[23]
Ultimately, the court rejected Crabtree's petition:

Aho is not an intervening change in the law that is material to Crabtree's case *1101 because Crabtree did not suffer the same due process violations. In this case the question of whether Crabtree may have been convicted of offenses occurring outside the statutory time does not exist. Crabtree admitted that he committed the offenses after the statute came into effect.[24]
We must decide whether Hartzell's case is more like Aho's or more like Crabtree's. Hartzell pleaded guilty by way of an Alford plea, and thus did not admit he committed the offenses.[25] Hartzell therefore argues his case is more like Aho, because as in Aho, "this Court cannot be certain that Mr. Hartzell's conviction was not based on conduct occurring prior to the effective date of the statute."[26] The State responds that as in Crabtree, "[t]he Supplemental Certification establishes the facts necessary to conclude, as the trial court did, that Hartzell had committed Child Molestation after July 1, 1988."[27]
In his plea of guilty, Hartzell stated:
This is an Alford plea. I do not believe that I am guilty but I wish to plead guilty in order to take advantage of the prosecutor's plea offer. I have reviewed the police reports with my attorney, Leona Thomas, and I believe that there is a substantial likelihood that a trier of factjudge or jury, would find me guilty at trial. I give my permission for the judge to read the Certification for Determination of Probable Cause at the time of the plea and at sentencing.[28]
After reviewing Hartzell's statement and the certification, the court found as follows:
I've reviewed what's titled Supplemental Certification for Determination of Probable Cause and I find that if the witnesses were to testify as set out within that form, that there would be a high likelihood that Mr. Hartzell would, in fact, be found guilty of the original charge, therefore, I think it makes a lot of sense for him to accept the plea negotiation from the State.
I find that he understands the charges and the consequences of entering this form, that he is doing so knowingly, intelligently and voluntarily, and the court will accept the plea form.[29]
According to the supplemental certification of probable cause, Hartzell committed four acts of child molestation in three different locations. He pleaded guilty to two counts. Only one of the locations involved a time before the effective date of the statute: "C" Street, where the child lived in 1987. The certification alleges acts occurred in two other specific locations where the child lived after the effective date of the statute: in Glenn Apartments in 1989, and on "M" Street from August 1989 to November 1990.
It is thus possible, from Hartzell's plea and the record before the plea judge, to say whether Hartzell was convicted for acts committed before the effective date of the child molestation statute: he was not. Like Crabtree, Hartzell was not prejudiced[30] by the fact that six months of the charging period elapsed before the effective date of the statute, because he acknowledged strong evidence supporting his conviction of two counts of child molestation after July 1, 1988, and the record contains a factual basis for his plea. Aho is therefore not a change in the law material to Hartzell's case, and we deny his petition on this issue.

Sentencing Issues
The law in effect at the time a criminal offense is committed controls disposition *1102 of the case.[31] Hartzell argues his sentence violated this principle in two ways.
A. Community Placement Term
The sentencing judge imposed a term of community placement for the "maximum period of time provided by law,"[32] which DOC interprets as a two-year term. Hartzell argues any term of community placement violates the prohibition against ex post facto legislation[33] because the State did not establish his crimes were committed after July 1, 1988 as required by RCW 9.94A.120(9)(a). We have already determined the State did establish Hartzell committed crimes after July 1, 1998, so a minimum of one-year community placement was required.[34] But we must determine whether DOC properly applied the 1990 amendment requiring a two-year term.[35]
Because the Legislature plainly indicated its intent for prospective application of the amendments,[36] any alleged retrospective application of the statute results not from the action of the Legislature, but from actions of the sentencing court. We thus engage in due process analysis rather than ex post facto analysis.[37]
When the sentence for a crime is increased during the period within which the crime was allegedly committed, and the evidence presented at trial indicates the crime was committed before the increase went into effect, the lesser sentence must be imposed.[38] The record does not permit us to conclude that Hartzell committed any crime after July 1, 1990, when the statute was changed to require a two-year community placement condition.
As discussed above, Hartzell's Alford plea admits only that there is substantial evidence of his crimes during the charging period; we must look to the record to discern the factual basis for the plea. The allegations in the certification overlap the July 1990 community placement amendment by only five months. Nothing in the certification establishes that Hartzell committed a crime after July 1990. The 1990 statute cannot apply, and the maximum term of Hartzell's community placement is therefore one year.
It appears the sentencing court intended to impose only one year. The colloquy at the sentencing hearing[39] so indicates, and both the seriousness level (VIII) and the standard range (87 to 116 months) are applications of the law in effect before July 1, 1990. On that date, the seriousness level for child molestation in the first degree was raised from VIII to X,[40] and Hartzell's sentencing range would have increased to 129 to 171 months.
*1103 Unfortunately, the judgment and sentence does not specify the community placement term. Paragraph 4.5 provides that community placement is ordered "for the maximum period of time provided by law," and references Appendix H.[41] Appendix H does not specify the term of community placement, but rather refers to the date of offense:
Defendant additionally is sentenced on convictions herein, for each sex offense and serious violent offense committed on or after 1 July 1990 to community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2) whichever is longer and on conviction herein for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, ... to a one-year term of community placement.[42]
"Where a sentence is insufficiently specific about the period of community placement provided by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course."[43] We remand for amendment of the judgment and sentence to reflect a one-year community placement term.
B. Earned Early Release Time
A prisoner's statutory right to earn early release credits is a protected liberty interest.[44] DOC contends Hartzell may earn only 15 percent of his term of confinement as good time, and has set his release date accordingly. DOC uses the offense date on the judgment and sentence to determine the relevant law. If the sentencing documents indicate criminal activity occurred over a period of time, DOC assumes that "the offense occurred during that entire period of time, including the last day of the intervening period."[45] The last day of Hartzell's charging period was after July 1990, so DOC has permitted him only 15 percent maximum good time credit.
Hartzell contends the State did not prove his crimes occurred after July 1, 1990, and he is therefore eligible for up to one-third credit.[46] As with the community placement discussion, we engage in a due process analysis.[47]
As previously indicated, the record does not establish that Hartzell committed any offense after July 1, 1990, and instead indicates the court intended to sentence Hartzell under the laws in effect before July 1990. The 1990 amendment does not apply, and Hartzell is entitled to earn early release time of up to one-third of his sentence.

CONCLUSION
Hartzell's personal restraint petition is granted as to community placement and earned early release time, and otherwise denied. We remand for amendment of the judgment and sentence to reflect a one-year community placement term, and we direct DOC to calculate Hartzell's earned early release date based on the statute in effect before July 1, 1990.
BECKER, A.C.J., and WEBSTER, J., concur.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] 137 Wash.2d 736, 975 P.2d 512 (1999).
[3] Laws of 1988, ch. 145, §§ 5, 26. Previously, the conduct was generally prohibited under former RCW 9A.44.100(1)(b) as an indecent liberty. See Aho, 137 Wash.2d at 743, 975 P.2d 512.
[4] Laws of 1988, ch. 153, § 2.
[5] Laws of 1988, ch. 153, § 3.
[6] Laws of 1990, ch. 3, § 902.
[7] Laws of 1990, ch. 3, § 705.
[8] Laws of 1990, ch. 3, § 202.
[9] Clerk's Papers at 6.
[10] Clerk's Papers at 27.
[11] In re Personal Restraint Petition of Garcia, 106 Wash.App. 625, 629, 24 P.3d 1091 (2001).
[12] Garcia, 106 Wash.App. at 629, 24 P.3d 1091.
[13] "Collateral attack" includes a personal restraint petition. RCW 10.73.090(2).
[14] RCW 10.73.100(6).
[15] 137 Wash.2d 736, 975 P.2d 512 (1999).
[16] 141 Wash.2d 577, 582, 9 P.3d 814 (2000).
[17] See Crabtree, 141 Wash.2d at 589, 9 P.3d 814.
[18] Aho, 137 Wash.2d at 744, 975 P.2d 512.
[19] Crabtree, 141 Wash.2d at 584, 9 P.3d 814 (citations omitted).
[20] Crabtree was sentenced to one year of community placement under a statute that became effective July 1, 1988. See Crabtree, 141 Wash.2d at 580, 9 P.3d 814 (citing former RCW 9.94A.120(8)(a) (1988)).
[21] Crabtree, 141 Wash.2d at 585, 9 P.3d 814.
[22] Crabtree, 141 Wash.2d at 586, 9 P.3d 814.
[23] Crabtree, 141 Wash.2d at 586-87, 9 P.3d 814.
[24] Crabtree, 141 Wash.2d at 589, 9 P.3d 814.
[25] Upon entering an Alford plea to the charge, the defendant does not admit the underlying facts, but acknowledges the State has enough evidence to find him guilty. See State v. Paul, 103 Wash.App. 487, 489 n. 1, 12 P.3d 1036 (2000); State v. Talley, 134 Wash.2d 176, 182-83, 949 P.2d 358 (1998) (defendant does "not admit the allegations contained in the certification for probable cause, notwithstanding his stipulation that the plea judge could consider it in determining the validity of the guilty plea").
[26] Reply Br. at 5.
[27] Response to Personal Restraint Petition at 8.
[28] Clerk's Papers at 13.
[29] Report of Proceedings (Apr. 5, 1993) at 12.
[30] In the absence of prejudice, Hartzell cannot establish ineffective assistance of counsel. See Crabtree, 141 Wash.2d at 588, 9 P.3d 814.
[31] State v. Schmidt, 143 Wash.2d 658, 673-74, 23 P.3d 462 (2001).
[32] Clerk's Papers at 22.
[33] See U.S. Const. art. I, §§ 9, 10; Wash. Const. art. I, § 23. A criminal law violates the ex post facto clause when it punishes "for an act which was not punishable when committed, or which increases the quantum of punishment after the offense was committed." Schmidt, 143 Wash.2d at 672-73, 23 P.3d 462.
[34] RCW 9.94A.120(9)(a).
[35] RCW 9.94A.120(9)(b).
[36] See Laws of 1988, ch. 153, § 2; Laws of 1990, ch. 3, § 705.
[37] See Aho, 137 Wash.2d at 742, 975 P.2d 512.
[38] State v. Parker, 132 Wash.2d 182, 191-92, 937 P.2d 575 (1997) (where jury not asked to determine when offenses committed, and statute spanned charging period, application of standard range to offenses committed at end of charging period was erroneous).
[39] The following colloquy took place at the sentencing hearing:

DEFENSE: The only thing I am concerned about, Your Honor, is that the sentence, this is an offense the length of community placement, I think it may have been one year at the time.
THE COURT: I think it was.
DEFENSE: The form here is the two years. I think it is one year.
STATE: It says if it's committed on or after July 1, 1990, ... two years.
THE COURT: This goes back.
DEFENSE: Does it say that? Okay.
THE COURT: All right.
RP (May 14, 1993) at 7-8.
[40] See RCW 9.94A.320; Laws of 1990, ch. 3, § 103; Parker, 132 Wash.2d at 191 n. 10, 937 P.2d 575.
[41] Clerk's Papers at 22.
[42] Clerk's Papers at 25.
[43] State v. Broadaway, 133 Wash.2d 118, 136, 942 P.2d 363 (1997) (boilerplate judgment and sentence language ordering community placement for a community placement eligible offense "for the period of time provided by law" not specific enough).
[44] In re Personal Restraint of Gronquist, 138 Wash.2d 388, 397, 978 P.2d 1083, cert. denied, 528 U.S. 1009, 120 S.Ct. 507, 145 L.Ed.2d 392 (1999).
[45] Response of DOC at 9-10.
[46] Where a class A felony sex offense was committed on or after July 1, 1990, "the aggregate earned early release time may not exceed fifteen percent of the sentence. In no other case shall the aggregate earned early release time exceed one-third of the total sentence." RCW 9.94A.150(1). When the first degree child molestation statute was enacted in 1988, that offense was classified a class B felony. See Laws of 1988, ch. 145, § 5. First degree child molestation was made a class A felony effective July 1, 1990. See Laws of 1990, ch. 3, § 902.
[47] See Laws of 1990, ch. 3, § 202; Aho, 137 Wash.2d at 743, 975 P.2d 512.