IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 33030-3-III |
| WILLIAM E. KEISLING, | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |

KORSMO, J. — In this personal restraint petition (PRP), William Keisling

challenges his guilty plea to one count of first degree child rape, contending that he was

not properly sentenced under RCW 9.94A.712. This case is controlled by the decision in

*In re Personal Restraint of Crabtree*, 141 Wn.2d 577, 9 P.3d 814 (2000). We therefore

dismiss the petition as untimely.

PROCEDURAL HISTORY

The facts relevant to this appeal are largely procedural in nature. Mr. Keisling was

charged with two counts of first degree child rape and two counts of first degree child

molestation alleged to have been committed between January 1, 1998, and April 25,

2003. His victim was a young girl. He reached a plea agreement and entered an *Alford*[1]

plea to a single count of first degree child rape.

_____

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Three different sentencing schemes governed first degree child rape during the five year charging period. The guilty plea statement delineated the potential community custody sentence terms for the crime depending on which of the three time periods governed the offense. *See* App. I to Brief of Petitioner at 3. As pertinent to his claim in this PRP, the plea statement form expressly indicated that for a sex offense committed after September 1, 2001, the trial judge would impose a maximum sentence consisting of the statutory maximum for the offense and would impose a minimum sentence within the standard range unless an exceptional sentence was declared. *Id.*

The plea form acknowledged the elements of the offense, but did not state a date for the crime. *Id.* at 1. Instead of making a statement, Mr. Keisling authorized the court to review the police reports of the incident. *Id.* at 7. After doing so, the trial judge found a factual basis for the plea, but did not expressly indicate the date of the offense.[2] Clerk's Papers (CP) at 20. The prosecutor's statement of the offense at the time of the plea is only partially transcribed due to indecipherable portions of the recording, but did indicate (consistent with the charging document) that the victim was born October 3, 1994. *Id.* During the plea colloquy, the court had Mr. Keisling acknowledge that by pleading guilty he would be supervised for the rest of his life. CP at 19. A presentence investigation (PSI) was ordered and the matter set over for sentencing.

---

[2] The police reports and the presentence investigation are not included in the record of this case.

2

At sentencing, the court commented on the facts of the case, referencing both the PSI and the plea hearing. CP at 22. The court noted that the victim was 8 at the time of the offense. *Id.* The court then set the minimum term at 123 months—the high end of the standard range—and set the maximum term at life in prison. CP at 22, 55, 57. Community custody was ordered pursuant to RCW 9.94A.712 to begin upon release from custody and run until the expiration of the maximum sentence. CP at 58. There was no appeal.

When Mr. Keisling neared the end of his minimum term, the Indeterminate Sentence Review Board added first 24 months and then an additional 60 months to his minimum term after finding that he was more likely than not to commit further sex crimes. *See* Order Dismissing Personal Restraint Petition, *In the Matter of the Personal Restraint of William E. Keisling*, No. 32447-8-III at 1-2. He then filed a personal restraint petition that the Washington Supreme Court transferred to this court. *Id.* He challenged the application of RCW 9.95.011(2)(a), arguing that because it came into effect in 2007, its ex post application to his 2003 sentence was improper. *Id.* at 2-3. This court dismissed that petition as frivolous. *Id.* at 6.

Mr. Keisling then filed a CrR 7.8 motion pro se,[3] asserting primarily that his plea was involuntary because the trial court did not warn him on the record at the plea hearing

---

[3] In a later motion Mr. Keisling disclosed that all of his previous motions had been written by a fellow inmate, Ronald Buzzard Jr., and requested that Mr. Buzzard be appointed to act as his advocate. CP at 29-30.

3

that his sentence would be indefinite or that he would be subject to community custody for life. CP at 8-11. He argued secondarily that because the range of dates for the crime spanned multiple statutory sentencing regimes, the rule of lenity required application of the most favorable of those regimes. CP at 11-12. The superior court determined that the motion was time barred and transferred it to this court as a personal restraint petition. CP at 50-51. This court determined that the latter argument was nonfrivolous, and referred the case to a panel, reinterpreting the issue as one of whether the trial court exceeded its authority in sentencing Mr. Keisling under former RCW 9.94A.712 (2001). *See* Order Appointing Counsel and Referring Personal Restraint Petition to Panel.

## ANALYSIS

The petition presents claims that the trial court acted beyond its authority in sentencing Mr. Keisling to an indeterminate term under RCW 9.94A.712 and that his plea was involuntary because he was not advised that he was subject to an indeterminate sentence. We conclude both claims are time barred, but consider them separately in the order stated. Preliminarily, we note some of the governing principles that control our review of a PRP.

A PRP will be dismissed unless the petitioner establishes a violation of a constitutional right resulting in prejudice or a nonconstitutional error that constitutes a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Nichols*, 171 Wn.2d 370, 373, 256 P.3d 1131 (2011). The petitioner

4

must show by a preponderance of the evidence and not mere conclusory allegations that the error has caused him actual prejudice. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

RCW 10.73.090 imposes a one year time limit for bringing a collateral attack against a facially valid judgment and sentence. A judgment and sentence is invalid on its face when it evidences the invalidity without further elaboration. *In re Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002). Documents signed as part of a plea agreement may also be considered in determining facial validity. *In re Thompson*, 141 Wn.2d 712, 718, 10 P.3d 380 (2000). A judgment is facially invalid if the trial court lacked the authority to impose the sentence.[4] *In re Snively*, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014).

*Sentencing Authority*

Mr. Keisling challenges his sentence as either an improper ex post application of a law to a crime or a due process violation for failure to prove that the crime occurred during the applicable portion of the charged period. Looking to the first contention, sentences are to be imposed under the laws in effect on the date of the crime. RCW

---

[4] Mr. Keisling hints that this presents a jurisdictional issue, without citing to any particular authority. Under RCW 10.73.100(5), the time bar does not apply to petitions challenging a sentence imposed in excess of a court's jurisdiction. However, a sentence of a degree or type outside that permitted by statute does not affect the jurisdiction of the sentencing court. *State v. Moen*, 129 Wn.2d 535, 545-547, 919 P.2d 69 (1996). Here, there is no actual dispute that the sentencing court possessed both subject matter and personal jurisdiction to enter the judgment and sentence.

9.94A.345. RCW 9.94A.712 came into effect on September 1, 2001. LAWS OF 2001, 2d Spec. Sess., ch. 12, §§ 301, 505. Thus, Mr. Keisling's judgment and sentence would be invalid on its face if it indicates that he was sentenced under § 712 for a crime occurring before September 1, 2001.

The judgment and sentence lists the offense as occurring between January 1, 1998 and April 25, 2003. The accompanying plea statement indicates that sentencing will be under § 712 for any offense committed after September 1, 2001, and under the previous sentencing regimes for offenses occurring before that date. It also describes in detail those respective regimes. The court then entered a sentence consistent with § 712. The two documents read together indicate that the offense occurred after September 1, 2001, and nothing indicates that the offense occurred prior to that date. Since review for facial validity is limited to these documents, this court cannot conclude that the judgment and sentence on its face applied § 712 ex post facto.

In any event, the issue being raised here is not actually an ex post facto question but rather a due process question, premised on the ruling in *State v. Aho*. *See Crabtree*, 141 Wn.2d at 584 (discussing *State v. Aho*, 137 Wn.2d 736, 975 P.2d 512 (1999)). Due process is implicated where a portion of the charging period predates the effective date of the laws governing the offense and the fact finder does not find that the offense occurred after that effective date. *Aho*, 137 Wn.2d at 742-743.

6

In *Aho*, the defendant was charged with child molestation occurring sometime between the start of 1987 and the end of 1992. However, the crime of child molestation only came into effect in 1988. LAWS OF 1988, ch. 145, § 5; *Aho*, 137 Wn.2d at 739. Because the jury was not instructed that they needed to find that the offense occurred after the effective date of that statute, the defendant's due process rights were violated by the possibility that he had been convicted based on acts occurring prior to the effective date of that statute. *Aho*, 137 Wn.2d at 744.

However, that rationale does not extend to guilty pleas, because the defendant was not actually convicted of an offense that may have occurred before the effective date of the statute. *Crabtree*, 141 Wn.2d at 585. Rather, Mr. Keisling pleaded guilty, admitting the State's ability to prove the offense as charged.[5] As noted above, the plea statement indicates the possible sentencing regimes that would govern dependent upon the offense date. Since the court must be satisfied with the factual basis for the guilty plea prior to entering judgment, this court cannot conclude that the judgment and sentence is invalid on its face without assuming that the judge ignored the law. *See* CrR 4.2(d); *Crabtree*, 141 Wn.2d at 585-586. Consequently, the judgment and sentence is facially valid and Mr. Keisling's petition is time barred.

---

[5] *Crabtree* represents an almost identical situation to that here, except that Mr. Keisling made an *Alford* plea rather than actually pleading guilty. However, this does not affect the pertinent analysis. *See In re Hartzell*, 108 Wn. App. 934, 942-944, 33 P.3d 1096 (2001).

Even if this court were to reach the issue, Mr. Keisling would not be entitled to relief. Notably, Mr. Keisling bears the burden of establishing a prejudicial, constitutional violation. However, he has presented no evidence or argument beyond a claim that it is *possible* his due process rights were violated. In contrast, the evidence presented appears to show that the State made an offer of proof identifying a particular incident that occurred after § 712 came into effect. *See, e.g., In re Hartzell*, 108 Wn. App. 934, 33 P.3d 1096 (2001). The trial court noted that the victim was 8, an age that she did not reach until late 2002 after the enactment of § 712. Consequently, the record does not establish that the trial court erred in sentencing Mr. Keisling under § 712.[6]

Mr. Keisling has not sustained his burden of proving actual and prejudicial constitutional error. Accordingly, the petition is dismissed.

*Guilty Plea*

Mr. Keisling also argues that his guilty plea is invalid because he was not advised that he would be subject to incarceration and/or supervision for life. This claim, too, is untimely, and also belied by the record.

---

[6] Although neither party raises the issue, this petition also is barred as successive. Where a petitioner has previously filed a personal restraint petition, this court cannot consider a subsequent petition unless the petitioner certifies that he has not previously petitioned the court on similar grounds and shows good cause why the new grounds were not raised in the previous petition. RCW 10.73.140. Mr. Keisling has not made any showing that the grounds were not similar or that there exists any good cause why he did not bring these grounds in the previous petition. Consequently, this petition is barred. *Id.*

Unlike a potentially invalid sentence, a claim that a plea was involuntary does not impact the facial validity of the judgment and sentence, nor does it fall under one of the exceptions in RCW 10.73.100. *See Hemenway*, 147 Wn.2d at 532-533; *In re Coats*, 173 Wn.2d 123, 141-142, 267 P.3d 324 (2011). Furthermore, even if this court found the judgment and sentence to be facially invalid based on his first argument, Mr. Keisling would still be precluded from raising this issue. *See Snively*, 180 Wn.2d at 32 (finding that a petitioner "may not rely on the existence of a facial sentencing error to assert other time barred claims"). Consequently, this issue is time barred under RCW 10.73.090.[7]

The claim also is without factual merit. The trial court advised Mr. Keisling during the colloquy that he would be supervised for the rest of his life. CP at 19. The plea statement form also expressly told him that the maximum sentence for the offense was life in prison, that he would be sentenced to the maximum sentence, and that he would be supervised for the maximum period upon release. *See* App. I to Brief of Petitioner at 3.

The plea challenge is untimely and without merit. Accordingly, the petition is dismissed.

---

[7] For the same reasons discussed in the previous footnote, the entire petition is barred as successive. RCW 10.73.140.

No. 33030-3-III
*In re Keisling*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.