WIGGINS, J. (dissenting)
¶ 16 Today the court avoids answering whether State v. Houston-Sconiers , 188 Wash.2d 1, 391 P.3d 409 (2017), applies retroactively when a prisoner collaterally attacks a final judgment. The majority asserts that because Time Rikat Meippen cannot show actual and substantial prejudice, we need not reach the retroactivity question. Majority at 980, 982. But we must decide whether Houston-Sconiers applies retroactively before we reach the issue of actual and substantial prejudice. Further, I conclude that Houston-Sconiers is a significant change of law, material to Meippen's case, and applies retroactively on collateral review under Montgomery v. Louisiana , --- U.S. ----, 136 S. Ct. 718, 193 L.Ed. 2d 599 (2016). I conclude that Meippen makes a prima facie showing of actual and substantial prejudice entitling him to a reference hearing. Therefore, I respectfully dissent.
ANALYSIS
I. Retroactivity must be resolved before the question of prejudice
¶ 17 When deciding a personal restraint petition (PRP), we first look to see if the petition was properly brought and, if so, then decide the merits of the petition. The majority does not follow this order. Instead, it concludes that we need not "consider whether Houston-Sconiers represents a significant, material change in the law that should apply retroactively to cases on collateral review"
*983 because Meippen has not made "a threshold, prima facie showing of actual and substantial prejudice." Majority at 982. This is backward. The question of Houston-Sconiers ' retroactivity on collateral review is part of the threshold procedural question.
*319 It is not substantive. Conversely, the question whether Meippen showed actual prejudice goes to the substantive merits of his case.
¶ 18 Whether Houston-Sconiers applies retroactively is clearly the threshold procedural question. When a petitioner files a PRP more than one year after a judgment becomes final (as was the case here), RCW 10.73.090 bars it as untimely, exceptions aside. " RCW 10.73.090 presents 'a procedural bar, not a substantive bar.' " In re Pers. Restraint of Finstad , 177 Wash.2d 501, 301 P.3d 450 (2013) (emphasis added) (quoting In re Pers. Restraint of Coats , 173 Wash.2d 123, 145, 267 P.3d 324 (2011) (Madsen, C.J., concurring)); see also In re Pers. Restraint of Schorr , 191 Wash.2d 315, 320, 422 P.3d 451 (2018) ("[Resolving the time bar] is a threshold inquiry; we do not have to decide whether the entire claim is completely meritorious in order to decide whether it fits within an exception to the time bar.").
¶ 19 Meippen argues that RCW 10.73.100(6) exempts him from the time bar. He must prove Houston-Sconiers is retroactive for that exception to apply. In re Pers. Restraint of Yung-Cheng Tsai , 183 Wash.2d 91, 103, 351 P.3d 138 (2015). Thus, the question of retroactivity is also procedural because it relates to whether he overcomes the procedural time bar.
¶ 20 Rather, it is the issue of actual prejudice that goes to the substantive merits of the petition. The majority treats this question as merely preliminary. Majority at 982. But as we wrote in In re Personal Restraint of Davis , on which the majority relies, "To actually obtain relief on collateral review based on a constitutional error[,] the petitioner must demonstrate by a preponderance of the evidence that petitioner was actually and substantially prejudiced by the error." 152 Wash.2d 647, 671-72, 101 P.3d 1 (2004) (emphasis added) (footnote omitted). Given that "[g]ranting the petition is appropriate if the petitioner has proved actual prejudice," prejudice clearly deals with the *320 merits of the petition. In re Pers. Restraint of Yates , 177 Wash.2d 1, 17, 296 P.3d 872 (2013) (citing In re Pers. Restraint of Pierce , 173 Wash.2d 372, 377, 268 P.3d 907 (2011) ).
¶ 21 Resolving whether to grant a petitioner relief necessarily comes after resolving the procedural question of whether the PRP is time-barred. RAP 16.4(d) ("The appellate court will only grant relief by a personal restraint petition if ... such relief may be granted under RCW 10.73.090 or .100."). By reversing this order, the majority avoids the threshold procedural question and preemptively dismisses the case on the merits.
¶ 22 This is more than semantics. By confusing our collateral attack procedure, the majority does disservice not only to Meippen but to all incarcerated persons. The personal restraint petition remains one of the few means available to incarcerated individuals to seek further judicial review of their predicament. We must clarify which aspects of seeking collateral relief are procedural, which are substantive, and in what order these questions must be resolved. Given that many prisoners bring PRPs pro se, such clarity is particularly necessary. See Houston v. Lack , 487 U.S. 266, 271, 108 S. Ct. 2379, 101 L.Ed. 2d 245 (1988) (detailing challenges facing pro se prisoner litigants in filing appeals); State v. Marintorres , 93 Wash. App. 442, 452, 969 P.2d 501 (1999) (demonstrating how pro se briefs are held to the same standard as those written by counsel). The consequences of incarceration and complexities of our system of collateral attack demand clarity on our part.
II. Meippen overcomes the time bar because Houston-Sconiers is a significant and material change in law that applies retroactively
¶ 23 In light of the above, before considering the merits of Meippen's case, we must consider whether he overcomes the one-year limitation barring untimely personal restraint petitions. RCW 10.73.090, .100. Meippen argues that he overcomes the time bar because Houston-Sconiers satisfies the requirements of RCW 10.73.100(6). I agree.
*984 *321 ¶ 24 " ' RCW 10.73.100(6) sets forth three conditions that must be met before a petitioner can overcome the one-year time bar: (1) a [significant] change in the law (2) that is material and (3) that applies retroactively.' " In re Pers. Restraint of Yung-Cheng Tsai , 183 Wash.2d at 103, 351 P.3d 138 (alteration in original) (quoting In re Pers. Restraint of Gentry , 179 Wash.2d 614, 625, 316 P.3d 1020 (2014) ). Houston-Sconiers meets these requirements.
¶ 25 In Houston-Sconiers , we analyzed juvenile sentencing in the context of the Eighth Amendment to the United States Constitution. 188 Wash.2d at 18, 391 P.3d 409. Reasoning that "children are different," we held that "sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant" and that "the Eighth Amendment requires sentencing courts to consider the mitigating qualities of youth at sentencing, even in adult court." Id. at 18, 21, 391 P.3d 409 (emphasis added) (capitalization omitted). This rule prevents children from facing disproportionate sentencing ranges in violation of the Eighth Amendment. Id. at 18-21, 19 n.4, 391 P.3d 409.
¶ 26 Houston-Sconiers meets each of the requirements of RCW 10.73.100(6). First, Houston-Sconiers is a significant change in the law. See In re Pers. Restraint of Yung-Cheng Tsai , 183 Wash.2d at 103, 351 P.3d 138. "[W]here an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue, the intervening opinion constitutes a 'significant change in the law.' " In re Pers. Restraint of Greening , 141 Wash.2d 687, 697, 9 P.3d 206 (2000) (quoting RCW 10.73.100(6) ). Houston-Sconiers expressly overruled State v. Brown , 139 Wash.2d 20, 983 P.2d 608 (1999). Houston-Sconiers , 188 Wn.2d at 21 n.5, 391 P.3d 409. Brown indicated that judges had no discretion to depart from the requirements of the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW. 139 Wash.2d at 29, 983 P.2d 608. Given that Meippen's sentencing occurred entirely within the framework of the SRA, without any indication in the record that anyone believed it possible to go outside that range (indeed, *322 defense counsel recommended a sentence only at the low end of the SRA range, Brown effectively controlled a material issue in Meippen's case. By overturning Brown , Houston-Sconiers was a significant change in the law.
¶ 27 Another " 'test to determine whether an [intervening case] represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision.' " State v. Miller , 185 Wash.2d 111, 115, 371 P.3d 528 (2016) (alteration in original) (internal quotation marks omitted) (quoting In re Pers. Restraint of Lavery , 154 Wash.2d 249, 258-59, 111 P.3d 837 (2005) ). Houston-Sconiers held that at sentencing the judge must consider the mitigating factors of youth. 188 Wash.2d at 18, 391 P.3d 409. Meippen's counsel made the only argument then feasible: that the low end of the sentencing range was "appropriate" for Meippen because of "his youth." He did not, because he could not, argue that the judge was required to take youth into account. See id. By providing defendants with the argument that a sentencing judge must consider youth, when this argument did not before exist (at least not in any fashion endorsed or legitimated by this court), Houston-Sconiers was a significant change in law. 188 Wash.2d at 18, 391 P.3d 409.
¶ 28 Second, Houston-Sconiers is material to Meippen's case. See In re Pers. Restraint of Yung-Cheng Tsai , 183 Wash.2d at 103, 351 P.3d 138. Houston-Sconiers requires that a court take youth into account at sentencing. 188 Wash.2d at 18, 21, 391 P.3d 409. Despite defense counsel's invocation of Meippen's youth, the court did not take his youth into account. On the contrary, in response to these arguments, the court said only, "Thank you" and immediately imposed a sentence at the high end of the sentencing range. By way of explanation, the judge simply stated, "I find the defendant's behavior cold, calculated, and it showed complete indifference towards another human being." Without a clearer indication that the sentencing court actually considered Meippen's youth, it cannot be said that the sentencing court behaved as Houston-Sconiers commands. We cannot presume *323 that the sentencing court took Meippen's *985 youth into account when it gave absolutely no indication of having done so. Silence does not constitute reasoning. See State v. Ramos , 187 Wash.2d 420, 444, 387 P.3d 650 (2017) (requiring courts sentencing juveniles to life without parole to "thoroughly explain [their] reasoning" as to why a juvenile deserves such a sentence, "specifically considering the differences between juveniles and adults" in the process).[1]
¶ 29 Further, neither the sentencing court nor Meippen's counsel indicated that it was possible for Meippen to be sentenced below the standard range. Had Houston-Sconiers been decided, all participants in sentencing would have known such discretionary sentencing was possible and Meippen's counsel could have argued for sentencing below the standard range. 188 Wash.2d at 21, 391 P.3d 409. This, too, makes Houston-Sconiers material to Meippen's case.
¶ 30 Third, Houston-Sconiers applies retroactively. See In re Pers. Restraint of Yung-Cheng Tsai , 183 Wash.2d at 103, 351 P.3d 138. This court decides whether a rule applies retroactively in collateral review under the framework of Teague v. Lane , 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed. 2d 334 (1989). In re Pers. Restraint of Colbert , 186 Wash.2d 614, 623, 380 P.3d 504 (2016). The United States Supreme Court recently made clear that Teague identified "new substantive rules of constitutional law" as retroactive on collateral review. Montgomery , 136 S. Ct. at 728. By contrast, most procedural rules (except watershed rules of criminal procedure) are not retroactive on collateral review. Id. at 728, 730. This matters in the case before us for two reasons. First, Montgomery applies the Teague framework, which this court follows. Id. at 728 ; In re Pers. Restraint of Colbert , 186 Wash.2d at 623, 380 P.3d 504. Second, and more importantly, the Supreme Court held that "when a new substantive rule of constitutional law controls *324 the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." Montgomery , 136 S. Ct. at 729. I conclude that Houston-Sconiers applies retroactively because it is a new, substantive rule of constitutional law.
¶ 31 There is no question that the rule in Houston-Sconiers is a rule of constitutional law. The entire case was premised on the dictates of the Eighth Amendment. Houston-Sconiers , 188 Wash.2d at 8, 18-21, 391 P.3d 409. In particular, it was focused on the Eighth Amendment's guaranty of proportionate sentencing. Id. at 19 n.4, 391 P.3d 409. The questions are therefore only whether it is a new rule and whether it is substantive. Montgomery , 136 S. Ct. at 728.
¶ 32 The rule in Houston-Sconiers is a new rule. A new rule is one that "breaks new ground or 'was not dictated by precedent existing at the time the defendant's conviction became final.' " In re Pers. Restraint of Colbert , 186 Wash.2d at 623, 380 P.3d 504 (internal quotation marks omitted) (quoting In re Pers. Restraint of Haghighi , 178 Wash.2d 435, 443, 309 P.3d 459 (2013) ). The rule in Houston-Sconiers expressly overruled prior cases that indicated the inflexibility of the SRA. 188 Wash.2d at 21 n.5, 391 P.3d 409. Further, in holding that a juvenile defendant's youth must be considered at every sentencing, it went beyond even Supreme Court cases like Miller v. Alabama (which required consideration of youth when the sentence was life without parole). Houston-Sconiers , 188 Wash.2d at 18, 391 P.3d 409 ; Miller v. Alabama , 567 U.S. 460, 479-80, 132 S. Ct. 2455, 183 L.Ed. 2d 407 (2012). It is therefore a new rule.
¶ 33 The Houston-Sconiers rule is also substantive. A substantive rule of constitutional law, in retroactivity doctrine, is one that "forbids 'criminal punishment of certain primary conduct' " or prohibits " 'a certain category of punishment for a class of defendants because of their status or offense.' " Montgomery , 136 S. Ct. at 732 (quoting Penry v. Lynaugh , 492 U.S. 302, 330, 109 S. Ct. 2934, 106 L.Ed. 2d 256 (1989) ). The key example is Montgomery . In *325 Montgomery , the Supreme Court held that Miller announced *986 a substantive rule of constitutional law. Id. at 734. Miller prohibited sentences of mandatory life without parole for juvenile offenders without consideration of their youth at the time of the offense. Miller , 567 U.S. at 479-80, 132 S.Ct. 2455. The Montgomery Court reasoned that Miller's rule guarded against disproportionate punishment for juveniles and that "[p]rotection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment and goes far beyond the manner of determining a defendant's sentence." 136 S. Ct. at 732-33. The Montgomery Court concluded that Miller's rule was a "substantive holding that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." Id. at 735. Montgomery acknowledged that Miller did not categorically prohibit life without parole for juvenile defendants but held that irrelevant. Id. By barring life without parole "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility," Miller created a substantive rule of constitutional law that states are constitutionally required to give retroactive effect on collateral review. Id. at 734.
¶ 34 Houston-Sconiers is substantive for the same reasons. Houston-Sconiers protects juveniles from facing certain disproportionate sentencing ranges. 188 Wash.2d at 18-20, 391 P.3d 409. This parallels Miller's rule, which prevents juveniles from facing disproportionate life without parole sentences. 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 ; accord Montgomery , 136 S. Ct. at 726. In this way, like Miller , Houston-Sconiers "prohibits 'a certain category of punishment for a class of defendants because of their status or offense.' " Montgomery , 136 S. Ct. at 732 (quoting Penry , 492 U.S. at 330, 109 S.Ct. 2934 ). Like Miller , Houston-Sconiers was premised on the "central substantive guarantee of the Eighth Amendment": the prohibition against disproportionate punishment. Id. at 732-33 ; Houston-Sconiers , 188 Wash.2d at 19 n.4, 391 P.3d 409. "Before Miller, every juvenile convicted of a homicide offense could be sentenced to life without *326 parole. After Miller , it will be the rare juvenile offender who can receive that same sentence." Montgomery , 136 S. Ct. at 734. Before Houston-Sconiers , every juvenile convicted of certain offenses faced certain sentencing ranges, while after Houston-Sconiers , juveniles no longer necessarily face those ranges now that sentencing courts not only have the discretion to go outside the bounds of the SRA but are required to consider the mitigating qualities of youth. 188 Wash.2d at 18, 21, 391 P.3d 409. Just as Montgomery considered Miller a substantive change in the law, so too should we hold that Houston-Sconiers is a substantive change of constitutional law.
¶ 35 Houston-Sconiers itself indicated that its holding was substantive. We relied heavily on Roper ,[2] Graham ,[3] and Miller , noting that those cases
[made] two substantive rules of law clear: first, "that a sentencing rule permissible for adults may not be so for children," rendering certain sentences that are routinely imposed on adults disproportionately too harsh when applied to youth, and second, that the Eighth Amendment requires another protection, besides numerical proportionality, in juvenile sentencings-the exercise of discretion.
Houston-Sconiers , 188 Wash.2d at 19 n.4, 391 P.3d 409 (emphasis added) (citation omitted) (quoting Miller , 567 U.S. at 481, 132 S.Ct. 2455 ). Houston-Sconiers is based on the same federal decisions that Montgomery made clear were substantive. Id . ; Montgomery , 136 S. Ct. at 734. Houston-Sconiers itself also referred to them as substantive. 188 Wash.2d at 19 n.4, 391 P.3d 409. In so doing, Houston-Sconiers all but stated that it also announced a substantive rule of constitutional law applicable retroactively on collateral review.
¶ 36 That the rule in Houston-Sconiers has a procedural component, requiring sentencing courts to take into account the youth of the defendant, does not prevent it from being a *327 substantive rule. Miller had an identical procedural component, yet the Supreme Court in Montgomery still held Miller was *987 substantive. Montgomery , 136 S. Ct. at 735. "There are instances in which a substantive change in the law must be attended by a procedure that enables a prisoner to show that he falls within the category of persons whom the law may no longer punish." Id. Such is the case here. Houston-Sconiers' substantive change in law-preventing juvenile defendants from facing disproportionate sentencing ranges-was accomplished by procedurally requiring sentencing courts to take youth into account. 188 Wash.2d at 19-20, 391 P.3d 409. Thus, Houston-Sconiers' procedural component does not prevent it from being retroactive on collateral review.
¶ 37 For these reasons, I would hold Houston-Sconiers is retroactive. Meippen therefore overcomes the time bar.
III. We should order a reference hearing to determine whether the sentencing court's failure to consider youth actually and substantially prejudiced Meippen
¶ 38 Having established that Houston-Sconiers applies retroactively to Meippen's case, permitting Meippen to overcome the time bar, I now turn to the question of relief. I conclude that we should transfer the case to superior court for a reference hearing because Meippen has made a prima facie showing of actual and substantial prejudice.
¶ 39 "We have three available options when reviewing a personal restraint petition: (1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." In re Pers. Restraint of Yates , 177 Wash.2d at 17, 296 P.3d 872 (citing In re Pers. Restraint of Hews , 99 Wash.2d 80, 88, 660 P.2d 263 (1983) ; RAP 16.11(b), 16.12 ). To obtain relief in a personal restraint petition asserting constitutional error, the petitioner must show, by a preponderance of the evidence, that he or she was actually and substantially prejudiced by the error. In re Pers. Restraint of Davis , 152 Wash.2d at 671-72, 101 P.3d 1 *328 (citing In re Pers. Restraint of Cook , 114 Wash.2d 802, 810, 792 P.2d 506 (1990) ; In re Pers. Restraint of Crabtree , 141 Wash.2d 577, 587, 9 P.3d 814 (2000) ). If the petitioner makes such a showing, we grant relief. Id . ; In re Pers. Restraint of Yates , 177 Wash.2d at 18, 296 P.3d 872. If the petitioner does not make even a prima facie showing of actual and substantial prejudice, we dismiss the PRP. In re Pers. Restraint of Yates , 177 Wash.2d at 17, 296 P.3d 872. If the petitioner makes a prima facie showing of actual and substantial prejudice, but the record is insufficient to entitle him or her to relief, we order a reference hearing. Id. at 18, 296 P.3d 872.
¶ 40 Meippen has made a prima facie showing of actual and substantial prejudice. Houston-Sconiers held that the Eighth Amendment requires a sentencing court to consider a juvenile defendant's youth at sentencing. 188 Wash.2d at 18, 19 n.4, 391 P.3d 409. The sentencing court failed to consider Meippen's youth at sentencing. Rather than engaging in any way with the fact that Meippen was only 16 years old at the time of the crime, the court sentenced him within the standard sentencing range (indeed, at its upper limits) irrespective of those factors. The sentencing court thereby failed to adhere to the procedural component that protects Meippen's substantive Eighth Amendment guaranty of proportionate sentencing. Houston-Sconiers , 188 Wash.2d at 18-20, 19 n.4, 391 P.3d 409.
¶ 41 However, we cannot tell from the record whether Meippen was actually prejudiced. The record does not reveal whether taking Meippen's youth into account would have led to a different sentence. In light of this, I conclude that we should order a reference hearing. Meippen was sentenced, for a crime committed at the age of 16, to 231 months in prison-over 17 years. As a matter of fundamental fairness, we should order a reference hearing so the superior court can determine whether he was prejudiced when sentenced to serve more years in jail than he had then been alive.
¶ 42 The majority disagrees, concluding that Meippen cannot prove actual and substantial prejudice, and dismisses *329 his PRP. Majority at 8. But that is not the correct response. When a petitioner offers " 'the facts underlying the claim of unlawful restraint and the evidence available to support the factual allegations' " so that they go beyond *988 " 'bald assertions and conclusory arguments,' " a reference hearing is justified. In re Pers. Restraint of Yates , 177 Wash.2d at 18, 296 P.3d 872 (quoting In re Pers. Restraint of Rice , 118 Wash.2d 876, 885-86, 828 P.2d 1086 (1992) ). Meippen has done just that. Meippen's constitutional rights were violated. There is no evidence in the record that shows the sentencing judge considered Meippen's youth. The only question is whether his sentence would have been different had the judge taken his youth into account. Thus, we should order a reference hearing to determine if his sentence would have been different if the sentencing judge had had the benefit of Houston-Sconiers at the time of sentencing.
CONCLUSION
¶ 43 Today the majority improperly avoids addressing Houston-Sconiers' retroactivity. But we must reach the issue of retroactivity, and we should hold that Houston-Sconiers applies retroactively on collateral review. The majority also incorrectly dismisses Meippen's petition. I would hold instead that Meippen has made a prima facie showing of actual and substantial prejudice entitling him to a reference hearing to determine whether Meippen can prove, by the preponderance of the evidence, that the sentencing court's failure to consider youth actually and substantially prejudiced him. Accordingly, I respectfully dissent.
González, J.
Yu, J.
Gordon McCloud, J.

While Ramos does not require thorough justification when a juvenile faces a sentence shorter than life without parole, it nevertheless suggests that we cannot presume that a sentencing court has considered youth merely because defense counsel has invoked it. Some indication that the juvenile's youth was evaluated by the sentencing court is required.

Roper v. Simmons , 543 U.S. 551, 125 S. Ct. 1183, 161 L.Ed. 2d 1 (2005).

Graham v. Florida , 560 U.S. 48, 130 S. Ct. 2011, 176 L.Ed. 2d 825 (2010).